## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 16, 2023

Executive Office for Immigration Review



Appeal Number: 21-12369-CC
Case Style: Emile Parker v. U.S. Attorney General
Agency Docket Number: A074-341-218

LIMITED REMAND

Enclosed is a copy of an order remanding this appeal on a limited basis for further proceedings. JURISDICTION OF THIS APPEAL IS BEING RETAINED BY THE ELEVENTH CIRCUIT.

This appeal will be held in abeyance in this court pending disposition of limited remand proceedings in your court.

Upon completion of limited remand proceedings, please promptly send a copy of the ORDER ON REMAND to this court and certify any supplemental record of proceedings.

Clerk's Office Phone Numbers
General Information:            404-335-6100    Attorney Admissions: 404-335-6122
New / Before Briefing Cases:    404-335-6135    Capital Cases:        404-335-6200
Cases in Briefing / After Opinion: 404-335-6130 CM/ECF Help Desk:     404-335-6125
Cases Set for Oral Argument:    404-335-6141

CLK-3 DC Letter with Ltd Remand order

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-12369

Non-Argument Calendar

_____

EMILE PARKER,
a.k.a. Andein Jean-Pierre,

                                                       Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

                                                       Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A074-341-218

| 2 | Opinion of the Court | 21-12369 |
|---|---|---|

_____

Before GRANT, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

  Emile Parker petitions this Court for review of a final administrative order of removal issued by the Department of Homeland Security. The Department determined that Parker was deportable under § 237 of the Immigration and Nationality Act as an alien convicted of an aggravated felony. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). Parker contests the order of removal on the ground that he is a United States citizen by virtue of his birth to a United States citizen father.[1] *See* 8 U.S.C. §§ 1401, 1409.

  Specifically, Parker contends that he was born in Gressier, Haiti to Sonia Antoine, an unmarried native of Haiti, and Nick James Parker (formerly Nick James Poppys), a United States citizen who was born in Minnesota in 1920. Under 8 U.S.C. § 1409(a), a person born outside the United States and out of wedlock to a United States citizen father and a noncitizen mother is a United

---

[1] We generally lack jurisdiction to review a final order of removal "against an alien who is removable by reason of having committed a criminal offense covered in" 8 U.S.C. § 1227(a)(2)(A)(iii). 8 U.S.C. § 1252(a)(2)(C). But we retain jurisdiction to consider questions of law, including questions concerning the petitioner's nationality. *Id.* § 1252(a)(2)(D), (b)(5)(A); *see Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1068 (2020) ("questions of law" under § 1252(a)(2)(D) include questions involving "the application of a legal standard to undisputed or established facts").

Case 1:23-cv-21388-BB   Document 1   Entered on FLSD Docket 04/13/2023   Page 4 of 6
USCA11 Case: 21-12369   Document: 55-1   Date Filed: 03/16/2023   Page: 3 of 5

21-12369              Opinion of the Court                    3

States citizen and national from birth if the father met certain physical-presence requirements and: (1) a blood relationship to the father is established by clear and convincing evidence; (2) the father had the nationality of the United States at the time of the person's birth; (3) the father (if living) has agreed in writing to provide financial support for the person until he reaches the age of 18; and (4) while the person is under the age of 18, the person is legitimated under the law of his residence or domicile, the father acknowledges paternity in writing under oath, or paternity is established by adjudication of a competent court.  Parker contends that he meets these requirements.[2]  The government disagrees.

When a petitioner claims to be a national of the United States and no genuine issue of material fact exists about the petitioner's nationality, this Court must decide the issue.  8 U.S.C. § 1252(b)(5)(A).  But if we determine that a genuine issue of material fact about the petitioner's nationality exists, we must transfer the proceeding to the federal district court for the district where the petitioner resides "for a new hearing on the nationality claim

---

[2] Parker also argues that § 1409(a) violates the Equal Protection Clause of the 5th Amendment by applying more onerous requirements for children born out of wedlock than those set out in § 1401 for children whose parents were married.  Because we must transfer the case to the district court for determination of Parker's nationality claim, we defer consideration of his equal-protection claim until the case is returned to us.  Parker is, of course, free to make that argument in the district court to the extent that it is relevant to his nationality claim.

| 4 | Opinion of the Court | 21-12369 |

and a decision on that claim as if" it had been brought in the district court as an action for a declaratory judgment. *Id.* § 1252(b)(5)(B).

A genuine issue of material fact about Parker's nationality exists here. Primarily, the parties dispute whether American-born Nick James Parker was Parker's father, as Parker claims. In its final administrative order of removal, the Department relied on its 2012 determination that the Haitian birth certificate and legitimation certificate Parker produced identifying Nick James Parker as his father were both fraudulent. Parker has since produced another Haitian birth certificate—again identifying Nick James Parker as his father—that was authenticated by the U.S. Department of State in 2013, along with a birth certificate, death certificate, school records, and military records for Nick James Poppys a/k/a Nick James Parker. He also produced a notarized but unsworn letter from his mother explaining her relationship with Nick James Parker and claiming that he was Parker's father.

The government disputes Parker's right to citizenship, claiming that Department records indicate that Parker's father may have been a Canadian citizen named Nick George Parker rather than American-born Nick James Parker. The government argues that the fact that Parker has a Canadian passport and has given at least one sworn statement claiming to be a citizen of Canada (as well as an American citizen) corroborate this information because Parker could not have been granted Canadian citizenship through Nick James Parker. Both parties rely on documents not included

Case 1:23-cv-21388-BB   Document 1   Entered on FLSD Docket 04/13/2023   Page 6 of 6
USCA11 Case: 21-12369   Document: 55-1   Date Filed: 03/16/2023   Page: 5 of 5

21-12369                Opinion of the Court                5

in the administrative record before the Department at the time it issued the final administrative order of removal.

Because we conclude that a genuine dispute of material fact exists regarding Parker's claim to United States citizenship, we GRANT the government's motion to transfer the case to the United States District Court for the Southern District of Florida (where Parker resides) for a de novo hearing on the nationality claim pursuant to 8 U.S.C. § 1252(b)(5)(B). We DENY Parker's motion for summary judgment on his nationality claim for the same reason, and we DENY the government's motion to file a supplemental appendix in this Court. We HOLD IN ABEYANCE Parker's petition for review pending the resolution of the nationality claim in the district court.[3]

**MATTER TRANSFERRED TO THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA.**

---

[3] This Court has not yet decided in a published opinion whether, following the district court's decision on a nationality claim under § 1252(b)(5)(B), the losing party is required to file a notice of appeal to obtain review of that decision by this Court. Although we do not reach that question today, the parties are advised to file a timely notice of appeal if they wish to seek review of the district court's determination on the issue of nationality.