UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21388-BLOOM

EMILE PARKER,

    Plaintiff,

v.

U.S. ATTORNEY GENERAL,

    Defendant.

_____/

**ORDER ON DEFENDANT'S MOTION *IN LIMINE***

**THIS CAUSE** is before the Court upon Defendant's Motion *In Limine* to Exclude Purported Declaration of Sonia Federic Antoine. ECF No. [60]. The Court has reviewed the Motion, the supporting and opposing submissions, the record in the case, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I. BACKGROUND**

Plaintiff Emile Parker ("Plaintiff") is currently facing an order of removal issued by the Department of Homeland Security, which determined that Plaintiff was deportable under § 237 of the Immigration and Nationality Act as an alien convicted of an aggravated felony. ECF No. [1] at 2. Plaintiff contests the order of removal, arguing that he is a United States citizen by virtue of his birth to a United States citizen father. *Id.* This case was remanded to this Court from the Eleventh Circuit Court of Appeals for the limited purpose of conducting a *de novo* hearing on Plaintiff's nationality claim pursuant to 8 U.S.C. § 1252(b)(5)(B). ECF No. [1] at 6.

Plaintiff states he was born in Gressier, Haiti, to Sonia Antoine ("Antoine"), an unmarried Haitian native and Nick James Parker ("Nick Parker"), a United States citizen who was born in

Minnesota. ECF No. [1] at 3. Plaintiff states that he is a United States citizen by virtue of his father's citizenship. ECF No. [1] at 3-4.

Defendant filed the instant Motion to "exclude the purported declaration by [Plaintiff's mother,] Antoine[,] from the evidentiary record" thereby preventing the Court from "consider[ing] it for summary judgment purposes because it would not be admissible at trial." ECF No. [60] at 1-2. The declaration, which is dated October 13, 2009, bears Antoine's signature and states, "after the investigation the immigration officers stated that it was not necessary for [Plaintiff] to get deported because of his father being a United States citizen. Therefore he was granted his citizenship through his father Nick Parker." ECF No. [60-2] at 2. The document was notarized on October 19, 2009. *Id*.

Defendant seeks to exclude the declaration under Federal Rules of Evidence 401, 402, 403, 802, and 901 because (1) Plaintiff cannot show that the declaration is what it purports to be under Rule 901, (2) the declaration is inadmissible hearsay under Rule 802, (3) the Rule 803(19) exception to the hearsay exclusion rule does not apply because Antoine lacks personal knowledge of Nick Parker's place of birth, (4) the Rule 804(b)(4) hearsay exception does not apply because Antoine is not unavailable as a witness, and (5) the declaration is unreliable, unfairly prejudicial, and lacks a proper foundation. ECF No. [60] at 1, 4-8.

Plaintiff responds that Antoine's declaration is admissible because (1) the Rule 803(19) exception applies when a close family member is testifying to family history even if they may not have directly witnessed the information being shared, (2) the Rule 804(b)(4) exception applies because Antoine is unavailable and her declaration is a trustworthy source of information on Plaintiff's family history, (3) the declaration is self-authenticating under Rule 904(8) because it

was notarized, (4) and the declaration is supported by sufficient knowledge and foundation. ECF No. [72] at 2-5.

Defendant replies that the declaration (1) cannot be authenticated under Rule 901 or 902(8), (2) is inadmissible hearsay under Rule 802 because it does not fall under the hearsay exceptions of 803(19) or 804(b)(4), and (3) is unreliable and lacks foundation. *Id.* at 2-8.

## II. LEGAL STANDARD

### A. Motions *in Limine*

A party can file a motion *in limine* to exclude anticipated prejudicial evidence from future proceedings. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States. v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). The movant has the burden of proving that the evidence is inadmissible. *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769, 6:07-cv-15733, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions *in limine*, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-cv-1307, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01-cv-545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *see In re Seroquel*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*.") (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)).

The Federal Rules of Evidence define hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). A declarant is "the person who made the statement." Fed R. Evid. 801(b). Hearsay is not admissible evidence unless it falls under an exception provided by a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 802; *United States v. Caraballo*, 595 F.3d 1214, 1226 (11th Cir. 2010) ("Hearsay is inadmissible unless the statement is not hearsay as provided by Rule 801(d) or falls into one of the hearsay exceptions.") (quoting *United States v. Baker*, 432 F.3d 1189, 1203 (11th Cir. 2005).

Federal Rule of Evidence 803(19) exempts from the rule against hearsay: "[a] reputation among a person's family by blood, adoption, or marriage—or among a person's associates or in the community—concerning the person's birth, adoption, legitimacy, ancestry, marriage divorce, death, relationship by blood, adoption, or marriage, or similar facts of personal or family history." Fed. R. Evid. 803(19).

Additionally, Federal Rule of Evidence 804(b)(4) states that, if the declarant is unavailable as a witness, a statement is not excluded by the rule against hearsay if it is about:

> (A) The declarant's own birth, adoption, legitimacy, ancestry, marriage, divorce, relationship by blood, adoption, or marriage, or similar facts of personal or family history, even though the declarant had no way of acquiring personal knowledge about that fact; or (B) another person concerning any of these facts, as well as death, if the declarant was related to the person, by blood, adoption, or marriage or was so intimately associated with the person's family that the declarant's information is likely to be accurate.

Fed. R. Evid. 804(b)(4).

### III. DISCUSSION

Both parties appear to agree that for the declaration to be admissible, it must, at minimum, fall under either the Rule 803(19) or 804(b)(4) exceptions to the hearsay exclusion rule. ECF No. [72] at 2 (arguing the declaration is admissible under the Rule 803(19) and 804(b)(4) exceptions); ECF No. [60] at 3 ("the purported Sonia Declaration is hearsay [and] no hearsay exception applies."). Since it is undisputed that the declaration constitutes hearsay, Plaintiff has the burden of proving that the declaration falls under an exception to the rule excluding hearsay. *Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278, 1308 (11th Cir. 2022) ("As the proponents of the evidence, the plaintiffs bore the burden of establishing that the judgment was admissible under a hearsay exception."); *United States v. Kennard*, 472 F.3d 851, 855-56 (11th Cir. 2006) ("As proponents of the deposition, it was the brothers who bore the burden of establishing that it came within the former testimony hearsay exception.")

As an initial matter, the declaration contains "[h]earsay within hearsay, or so-called 'double-hearsay,'" and, therefore, "is admissible only if each part of the combined statements conforms with an exception to the hearsay rule." *United States v. Robinson*, 239 F. App'x 507, 508 (11th Cir. 2007). The first level of hearsay is the declaration itself: it contains out of court statements by Antoine offered for the truth of those statements. The second level of hearsay is the statement by the immigration officer, which is the only portion of the declaration that addresses Nick Parker's citizenship. ECF No. [60-2] at 2 ("[A]fter the investigation the immigration officers stated that it was not necessary for [Plaintiff] to get deported because of his father being a United States citizen. Therefore, he was granted his citizenship through his father Nick Parker."). Neither party points to any portion of the declaration in which Antoine states that she personally has any knowledge of Nick Parker's birthplace. To the extent that either party relies on a subsequent

deposition of Antoine, the deposition is irrelevant because it is not the subject of the Motion. The Motion merely seeks to exclude the declaration.

### A. Rule 803(19)

Plaintiff argues that the declaration is admissible under Rule 803(19) because the declaration "attests to the [Plaintiff's] father's birthplace, which is inherently a matter of personal and family history." ECF No. [72] at 2. Plaintiff states that Antoine "has consistently identified [Nick Parker] as having been born in the United States." *Id.* at 3. Plaintiff states the nature of Antoine's relationship with Nick Parker "reinforces the reliability of her declaration." *Id.*

Defendant responds that Antoine's knowledge of Nick Parker's birthplace was based on what Parker told her, which is hearsay based on hearsay, and therefore inadmissible because it does not meet the threshold for family reputation or independent knowledge. ECF No. [74] at 6. However, the declaration does not reflect that Antoine's knowledge of Nick Parker's birthplace is based on what he told her. At no point in the declaration does Antoine refer to a general "reputation" that Nick Parker had among "family by blood, adoption, or marriage—or among a person's associates or in the community," as required by Rule 803(19). Fed. R. Evid. 803(19). Antoine refers to a single conversation with an immigration officer in which the officer told her that "it was not necessary for [Plaintiff] to get deported because of his father being a United States citizen. Therefore, he was granted his citizenship through his father Nick Parker." ECF No. [60-2] at 1. "The 'world' in which the reputation may exist may be family, associates, or community. This world has proved capable of expanding with changing times from the single uncomplicated neighborhood, in which all activities take place, to the multiple and unrelated worlds of work, religious affiliation, and social activity, in each of which a reputation may be generated." Fed. R. Evid. 803 Advisory Comm's Notes. A reputation cannot be derived from one conversation with

one person, which is the extent of what is represented in the declaration. Therefore, Rule 803(19) does not apply.

### B. Rule 804(b)(4)

Even if Antoine were unavailable, Rule 804(b)(4) would not apply. Subsection A of Federal Rule of Evidence 804(b)(4) applies only to statements "about the declarant's own birth, adoption legitimacy, ancestry, marriage, divorce, relationship by blood, adoption, or marriage, or similar facts of *personal* or *family* history." Fed. R. Evid. 804(b)(4)(A) (emphases added). At no point does Antoine make any statements about her personal or family history. Nor do any of those categories apply to the immigration officer who stated that Nick Parker was a United States citizen.

Similarly, subsection B only applies to statements about "another person concerning any of these facts, as well as death, if the declarant was related to the person by blood, adoption, or marriage or was so intimately associated with the person's family that the declarant's information is likely to be accurate." Fed. R. Evid. 804(b)(4)(B). Plaintiff suggests that the declaration falls under the Rule 804(b)(4)(B) exception because "her declaration serves as a trustworthy source for [Plaintiff's] family history, as her knowledge stems from her close relationship with [Plaintiff's] father." ECF No. [72] at 4. However, the declaration does not contain any statements about Antoine's firsthand knowledge of Nick Parker's birthplace. Contrary to Plaintiff's suggestion that "her knowledge stems from her close relationship with [Plaintiff's] father" the declaration states that it was the immigration officer—not Antoine—who purported to have knowledge of Nick Parker's citizenship. *Id.* Plaintiff does not claim—nor could he— that the immigration officer "was so intimately associated with the person's family that the declarant's information is likely to be accurate." Fed. R. Evid. 804(b)(4). Therefore, the declaration is not admissible under the Rule 804(b)(4) exception.

Because Plaintiff has failed to establish that the declaration would be admissible under an exception to the hearsay exclusion rule, the Court does not reach the arguments on the declaration's authenticity.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion *In Limine* to Exclude Purported Declaration of Sonia Federic Antoine, **ECF No. [60],** is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 11, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record